IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |
|---|---|
| WILLIAM THOMAS UMFLEET, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:20-cv-01019-STA-jay |
| ) | |
| HILTON HALL, JR., ) | |
| ) | |
| Respondent. ) | |

ORDER GRANTING MOTION TO DISMISS,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner William Thomas Umfleet has filed a *pro se* habeas corpus petition (the "Petition"), pursuant to 28 U.S.C. § 2254.  (ECF No. 1.)  Respondent Hilton Hall, Jr., has filed a motion to dismiss the Petition as untimely.  (ECF No. 12.)  For the following reasons, the motion is **GRANTED.**

**BACKGROUND**

In November 2012, the Hardin County, Tennessee, Grand Jury charged Umfleet with the first-degree premeditated murder of Thomas Michael Dickson.  (ECF No. 11-1 at 13, 16-17.)  After a jury trial, the defendant was convicted as charged and sentenced to life in prison.  (*Id.* at 84.)  He filed a direct appeal, arguing that the evidence was insufficient to convict him of first-degree murder.  *State v. Umfleet*, No. W2014-00024-CCA-R3-CD, 2015 WL 5453874, at *1 (Tenn. Crim. App. Sept. 16, 2015), *perm. app. denied* (Tenn. Jan. 25, 2016).  The Tennessee Court of Criminal

Appeals ("TCCA") denied relief, *id.*, and the Tennessee Supreme denied permission to appeal (ECF No. 11-22).

Petitioner filed a *pro se* state petition for post-conviction relief (ECF No. 11-23 at 1-8), which was amended by appointed counsel (*id.* at 19-22). The post-conviction trial court denied relief in a written order. (*Id.* at 25-28.) No appeal was taken. (ECF No. 1 at 3.)

## DISCUSSION

Umfleet filed the Petition on January 15, 2020.[1] He alleges several instances of ineffective assistance of counsel, the insufficiency of the evidence to convict, problems with certain evidence submitted by the State, and prosecutorial misconduct. (ECF No. 1 at 5-13.) On March 24, 2020, Respondent filed his motion to dismiss the Petition and the state court record (ECF No. 11 & 12). He argues that the Petition is untimely and that equitable tolling of the limitations period is not warranted. Respondent did not respond to the motion, although ordered to do so. (*See* ECF No. 8.)

A § 2254 petition is subject to a one-year limitations period, commencing from four possible dates:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] The Petition was docketed on January 24, 2020. However, a *pro se* prisoner's pleading will be deemed filed on the day the it was placed into the prison mailing system. *Houston v. Lack*, 487 U.S. 266, 270, 276 (1988) (adopting mailbox rule for *pro se* prisoner filings). Umfleet did not indicate on the last page of the Petition the day on which he submitted the pleading to the prison authorities. However, the first page of the document is stamped "Received" on January 15, 2020. The Court assumes that the marking was placed on the document by the prison authorities, as it is not a United States District Court Clerk's stamp. The Court therefore regards the Petition as having been filed on January 15, 2020, nine days before it was docketed.

2

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitations period is tolled during the time "a properly filed application for State post-conviction or other collateral review . . . is pending[.]" 28 U.S.C. § 2244(d)(2). The time bar is also subject to equitable tolling where the petitioner demonstrates "that he has been pursuing his rights diligently[] and . . . that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted).

The limitations period may also be "overcome" through a "gateway" claim of actual innocence. *McQuiggin v. Perkins,* 569 U.S. 383, 386 (2013). A valid claim of actual innocence requires a petitioner to "show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence." *Id.* at 399 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

In this matter, § 2244(d)(1)(A) applies, which means that the running of the federal limitations period was triggered when Petitioner's conviction became final. Umfleet appealed his conviction to the Tennessee Supreme Court, but he did not appeal to the United States Supreme Court. His conviction thus became final when the time for appealing to the United States Supreme

Court expired, which was ninety days after the Tennessee Supreme Court denied permission to appeal. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) ("[T]he one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired."); Sup. Ct. R. 13 (a criminal defendant has ninety days following entry of judgment by the "state court of last resort" in which to file a petition for writ of certiorari). Permission to appeal was denied on January 25, 2016, and ninety days from that date was Sunday April 24, 2016. The conviction became final on Monday April 25, 2016. *See* S. Ct. R. 30 (providing that, if "[t]he last day of the period [is] a Saturday, Sunday, [or] federal legal holiday. . . the period shall extend until the end of the next day that is not a Saturday, Sunday, [or] federal legal holiday").

The limitations period started the next day, *see Bronaugh*, 235 F.3d at 284, and ran for 272 days. The limitations "clock" was stopped on January 23, 2017, the day Petitioner filed his state post-conviction petition.[2] The limitations period was tolled until Monday April 9, 2018, which was the end of the thirty-day period in which Petitioner could have, but did not, file a notice of appeal from the post-conviction trial court's denial of relief on March 9, 2018.[3] *See* Tenn. R. App. P. 4(a) (setting thirty-day deadline for filing notice of appeal). When the limitations

---

[2] In his state post-conviction petition, Umfleet indicated that he placed the document in the prison mail system in January 2017, but he did not specify the day. (*See* ECF No. 11-23 at 12.) The court clerk date-stamped the pleading as having been filed on January 23, 2017. (*Id.* at 1.)

[3] The thirty-day period expired on Sunday April 8, 2018. The deadline for filing a notice of appeal was, therefore, Monday April 9, 2018. *See* Tenn. R. App. P. 21(a) ("The last day of the period so computed shall be included unless it is a Saturday, a Sunday, or a legal holiday . . . in which event the period runs until the end of the next day which is not one of the aforementioned days.")

4

"clock" resumed ticking the next day, April 10, 2018, ninety-three days remained in the limitations period. Ninety-three days after April 10, 2018, was Thursday July 12, 2018. The Petition was not filed until January 15, 2020, which was over one and one-half years beyond the end of the limitations period.

The inmate acknowledges that the Petition is untimely. (ECF No. 1 at 17.) He argues, however, that he is entitled to equitable tolling because his post-conviction trial attorney abandoned him by failing to appeal the denial of post-conviction relief and failing to communicate with him. (ECF No. 1 at 16-17.) He asserts that he tried to reach counsel on several occasions but was unsuccessful. He eventually filed a complaint with the Tennessee Board of Professional Responsibility (the "Board").

Umfleet has submitted several documents in support of his tolling argument. The first is a September 5, 2019, letter from the Board addressed to his attorney requesting that counsel respond to Umfleet's complaint and directing counsel to "copy William Umfleet" on the response. (ECF No. 1-1 at 4.) The second document is counsel's September 14, 2019, response to the Board, copied to Umfleet, stating that, to his "knowledge [he] had not been appointed to handle any appeal [of Petitioner's post-conviction] case." (*Id.* at 5.) Counsel's letter to the Board references, and provides a copy of, a letter he says he sent to Umfleet only four days after the post-conviction court denied relief. In the letter, which is dated March 12, 2018, counsel explains to his client that the court denied the state petition and that, "[t]o my knowledge I have not been appointed to represent you on any appeal of this case." (*Id.* at 6.) The fourth document is an October 21, 2019, statement from the prison "Mailroom Staff" reflecting that the "[o]nly time [Umfleet] received mail from [his attorney] was on 09/19/2019." (*Id.* at 3.)

5

An attorney's "professional misconduct" may constitute an extraordinary circumstance warranting equitable tolling where it amounts to "egregious behavior." *Holland*, 560 U.S. at 651. Counsel engages in such behavior when he "effectively abandons his client and the case." *Gordon v. England*, No. 07-2223-STA-TMP, 2012 WL 2790375, at *7 (W.D. Tenn. July 9, 2012), *aff'd*, 612 F. App'x 330 (6th Cir. 2015) (discussing *Cantrell v. Knoxville Comty. Dev. Corp.*, 60 F.3d 1177 (6th Cir. 1995); *Robertson v. Simpson,* 624 F .3d 781 (6th Cir. 2010)); *see also Patterson v. Lafler*, 455 F. App'x 606, 610 (6th Cir. 2012) (attorney abandonment may be an extraordinary circumstance).

Umfleet's equitable tolling argument is without merit for several reasons. First, there is no evidence that counsel abandoned him. To make that showing, Petitioner must demonstrate that counsel was appointed to represent him on post-conviction appeal. He has not, however, presented any such proofs. The only evidence on the subject are counsel's letters, both of which contain counsel's representation that he was never appointed to represent Petitioner on appeal from the denial of relief by the post-conviction trial court.

Second, even if the Court assumes that counsel abandoned Petitioner at the post-conviction appeal stage and that Petitioner never received counsel's March 2018 letter informing him of the denial of post-conviction relief, the prisoner has failed to show that he exercised reasonable diligence in protecting his federal habeas rights. Although he alleges that he unsuccessfully tried reaching counsel numerous times, he has provided no specific dates or even the month or months in which he attempted to communicate with his attorney. What is more, he has not explained how and when he learned that counsel had not filed an appeal on his behalf. The *latest* inferable timeframe is sometime early in September 2019, because, by September 5, 2019, the Board had

directed counsel to respond to Umfleet's complaint.  Although Petitioner was on notice by that point that no appeal had been taken, he did not file the Petition until January 2020.  He does not allege that something stood in the way of his filing the Petition during the four-month period between September 2019 and January 2020.  Indeed, the record is clear that he was able to, and did, send and receive documents throughout September 2019.

Even if Petitioner were entitled to have the limitations period tolled, the Petition would still be untimely.  If the period were tolled until September 5, 2019, Petitioner's remaining ninety-three days would have ended on Monday December 9, 2019.[4]  If the limitations period were tolled until September 19, 2019, the date Petitioner received a copy of counsel's letter to the Board, the deadline to initiate his 2254 case would have been Monday December 23, 2019.[5]  Under either scenario, the Petition is late, having been filed on January 15, 2020.

For these reasons, the Court determines that equitable tolling is not warranted and that, even if warranted, it would not serve to overcome the Petition's untimeliness.  The motion to dismiss is **GRANTED**.  The Petition is **DISMISSED** and judgment shall be **ENTERED** for Respondent.

## APPEAL ISSUES

A § 2254 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional

---

[4] Ninety-three days after September 05, 2019, was Saturday December 7, 2019.  The next day that was not a weekend day or federal holiday, *see* Fed. R. Civ. P. 6(a), was Monday December 9, 2019.

[5] Ninety-three days after September 19, 2019, was Saturday December 21, 2019.  The next day that was not a weekend day or federal holiday was Monday December 23, 2019.

right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[6]

---

[6] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.

8

**IT IS SO ORDERED**.

                                                  **s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: January 14, 2021.